## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| T&H BAIL BONDS, INC. et al., <br> Assignee Floyd White | ) <br> ) <br> ) | |
| Judgment Creditor, | ) | C.A. No. N14J-01761 |
| v. | ) <br> ) | |
| PREFERRED INVESTMENT <br> SERVICES, INC., | ) <br> ) <br> ) | |
| Judgment Debtor. | ) | |

Submitted: September 12, 2018
Decided: October 30, 2018

Upon Judgment Debtor's Motion for Reconsideration of Commissioner's Order.
**DENIED.**

## ORDER

Floyd White, New Castle, Delaware, *pro se*.

E. Calvin Harmon, Jr., Esquire, Wilmington, Delaware, Attorney for Judgment Debtor Preferred Investment Services, Inc.

COOCH, R.J.

This 30th day of October, 2018, upon consideration of Judgment Debtor's Motion for Reconsideration of Commissioner's Order as to the Motion to Quash, it appears to the Court that:

1.	On March 6th, 14th, and 22nd of 2018, Judgment Creditor Floyd White ("White") filed Notices of Subpoenas upon County Bank, Bank of America, WSFS Bank, and TD Bank seeking information pertaining to Preferred Investment Service, Inc. and several nonparties' banking

records.[1] Judgment Debtor filed a Motion to Quash White's subpoenas on grounds that White's requests exceeded the scope of discovery and were not reasonably calculated to lead to assets that rightfully could be seized to satisfy White's judgment. On June 19, 2018, a commissioner denied Judgment Debtor's Motion to Quash, and deemed all other subpoenas as unopposed. Judgment Debtor now seeks reconsideration of the commissioner's June 19 Order, pursuant to Superior Court Rule of Civil Procedure 132(a)(3)(iv).

2. The parties have raised endless (and often unsupported) contentions in this post-judgment matter. To very briefly summarize Judgment Debtor's Motion for Reconsideration of Commissioner's Order, Judgment Debtor asks this Court to reverse the Commissioner's decision for a number of alleged factual and legal errors. Primarily, Judgment Debtor argues that the "Commissioner's Order (1) unlawfully expands the scope of discovery, (2) failed to property limit the discovery requests of White, and (3) relied exclusively on inadmissible character evidence."[2] It appears to the Court that the key issue is the permissible scope of discovery. Thus, the Court must review the commissioner's determination that the discovery White sought was within the broad permissible scope set forth in Superior Court Rule of Civil Procedure 26(b)(1).[3]

3. Review of the Commissioner's decision is governed by Superior Court Rule of Civil Procedure 132(a)(3)(iv). Rule 132(a)(3)(iv) permits a judge to reconsider non case-dispositive matters originally considered

---

[1] None of these four banks have opposed the subpoenas. Tr. of Oral Arg., E-file 62202093, at 25, 28–29, *T&H Bail Bonds, Inc. et al. v. Preferred Investment Services, Inc.*, C.A. No. N14J-01761 (Del. Super. Ct. June 14, 2018).

[2] Judgment Debtor's Mot. for Reconsideration of Comm'r Order, at 1.

[3] Super. Ct. R. Civ. Pro. 26(b)(1). Rule 26(b)(1) states:

> "Parties may obtain discovery <u>regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,</u> whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if <u>the information sought appears reasonably calculated to lead to the discovery of admissible evidence.</u>"

*Id.* (emphasis added).

2

by a commissioner only upon a showing that the commissioner's order "is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."[4]

4. Discovery can often be necessarily broad in scope. Not only is admissible evidence discoverable, but any non-privileged information reasonably calculated to lead to the discovery of admissible evidence is also discoverable.[5] White is a lawful judgment creditor seeking to enforce a judgment. What is "admissible" for the purposes of this matter, at this stage in the life cycle of the case, is the identity and location of Judgment Debtor's assets, wherever they may be.[6] In aid of the lawful execution of his judgment, White must identify what assets of Judgment Debtor may be properly seized. White must demonstrate the information sought is relevant to the subject matter involved in the pending action, and that the information is reasonably calculated to lead to the discovery of Judgment Debtor's assets, in whatever form those assets may be, wherever and to whomever the assets may have been transferred.

5. In White's effort to execute judgment on Preferred Investment Services, Inc., he has crafted numerous subpoenas targeting a number of personal names and business names. The subpoenas also target a number of social security numbers and bank account numbers in order to prevent slight name variations from thwarting the effective execution of a lawful judgment. White explained the justifications for targeting the specified parties in his response to the motion to quash and at oral argument.[7] While seemingly broad in scope, all of the targets are apparently connected to Judgment Debtor's business and financial dealings. As noted by the commissioner at the June 14, 2018 hearing, Judgment Debtor's history of gamesmanship and manipulation of evidence has forced White to cast this broad net.[8] Thus, the commissioner's determination that the information sought was reasonably calculated to lead to the discovery of assets was not clearly erroneous, was not contrary to law, and was not an abuse of discretion.

---

[4] Super. Ct. R. Civ. Pro. 132(a)(3)(iv).

[5] *See* Super. Ct. R. Civ. Pro. 26(b)(1).

[6] *See* Super. Ct. R. Civ. Pro. 69(aa).

[7] *See* Judgment Creditor's Resp. to Mot. to Quash, at 4–5 (Apr. 2, 2018); Tr. of Oral Arg. at 25–30.

[8] *See* Tr. of Oral Arg. at 19–21.

Therefore, for the foregoing reasons, Judgment Debtor's Motion for Reconsideration of Commissioner's Order is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary